UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

DAN-BUNKERING (AMERICA) INC.      *
                                  *
AND                               * CASE NO.
                                  *
SUPPLEO BUNKERING S. de R.L. de C.V.*
                                  *
VERSUS                            *
                                  *
M/V GLOBAL ORION, *in rem*,       *
                                  *
*     *     *     *     *     *     *

**<u>VERIFIED COMPLAINT</u>**

NOW COME Plaintiffs Dan-Bunkering (America) Inc. ("Dan-Bunkering") and Suppleo Bunkering S. de R.L. de C.V. ("Suppleo") and file this Verified Complaint against M/V GLOBAL ORION, her engines, tackle, apparel, etc., *in rem* ("Vessel") in causes of breach of maritime contract and foreclosure of maritime liens, as follows:

**<u>Jurisdiction</u>**

1.

This claim is within the Court's admiralty jurisdiction pursuant to 28 U.S.C. §1333, and the Federal Maritime Lien Act, 46 U.S.C. §31301, et seq. This is an admiralty and maritime claim within the meaning Rule 9(h) of the Federal Rules of Civil Procedure.

2.

Plaintiff Dan-Bunkering is a duly organized and existing corporation under the laws of Texas with its principal place of business located in Houston, Texas.  Suppleo is a duly organized and existing corporation under the laws of Mexico with its principal place of business located in Miguel Hidalgo México D.F.  Both Dan-Bunkering and Suppleo provide marine fuel ("bunkers") to ocean going vessels, including the Vessel.

3.

M/V GLOBAL ORION (the "Vessel") is a 90.9 meter Mexico flagged offshore support vessel bearing Official No. 9249439 and is now or will be during this pendency of this action within the jurisdiction of this Honorable Court.

**Facts**

4.

On about June 19, 2019, Suppleo at the request of the Vessel's then-charterer, Ranger Offshore Mexico De RL De Cv, provided $226,349.77 of bunkers to the Vessel at Ciudad del Carmen, Mexico.  Suppleo subsequently was paid for part of this provision, leaving overdue a remaining amount **of $135,967.70** as set out immediately below:

| Document Type | Document No. | Description | Currency | Original Amount | Remaining Amount | Due Date |
|---|---|---|---|---|---|---|
| Invoice | SI100458 | SUB 365 - GLOBAL ORION 06/19/19 | USD | 226,349.77 | 135,967.70 | 09-17-2019 |

5.

Then, on or about January 28, 2020, Dan-Bunkering at the request of the Vessel's then charterer, Frontera Offshore SA de CV, provided $510,300 of bunkers to the Vessel, none of which has been paid, as set out immediately below:

| Document Type | Document No. | Description | Currency | Original Amount | Remaining Amount | Due Date |
|---|---|---|---|---|---|---|
| Invoice | 66417 | GLOBAL ORION 01/28/20 | USD | 510,300.00 | 510,300.00 | 04-28-2020 |

6.

Suppleo and Dan-Bunkering provided the bunkers to the Vessel subject to agreed sales terms and conditions, including the following:

9. Arrest of Vessel

9.1 The Bunker Oil supplied to the Vessel is sold and delivered on the credit of the Vessel, as well as on the promise of the Buyer to pay therefore, and the Buyer agrees and warrants that the Seller shall have and may assert a maritime lien against the Vessel and may take such other action or procedure against the Vessel and any other vessel or asset beneficially owned or controlled by the Buyer, for the amount due for the Bunker Oil and the delivery thereof. The law of the United States, including but not limited to, the General Maritime Law of the United States, along with 46 USC §31341 and 46 USC §31342 of the United States Code, shall apply with respect to the existence of a maritime lien regardless of the country in which Seller takes legal action. However, the choice of law is for the sole benefit of the Seller and the Seller may apply and benefit from any other law granting a maritime lien and/or right to arrest the Vessel in any country. Nothing in this Bunker Contract shall be construed to limit the rights or legal remedies that the Seller may enjoy against the Vessel or the Buyer in any jurisdiction.

7.

The foregoing pre-arrest bunkers provided to the Vessel by Suppleo and Dan-Bunkering equipment and services furnished to the Vessel were necessary for the operation of the Vessel in its ordinary course of trade, and have not been paid for as set out above despite amicable demand.

8.

Pursuant to the attached Verification, the foregoing allegations are true and correct.

9.

Pursuant to United States general maritime law and the United States Commercial Instruments and Maritime Act, Suppleo and Dan-Bunkering hold maritime liens against the Vessel as set out above, plus any additional invoices that may become due, pre-judgment interest, post-judgment interest, costs and other expenses.

10.

Suppleo and Dan-Bunkering are entitled to have this Court recognize their lien(s) against the Vessel and are entitled also to judgment against the vessel in the full amount of their claims, plus interest and costs.

11.

Suppleo and Dan-Bunkering are entitled to have the Vessel, the Vessel's engines, tackle, apparel, *etc., in rem*, seized and sold by the United States Marshal to satisfy their claim and said lien(s) asserted herein.

WHEREFORE, Suppleo and Dan-Bunkering pray that:

1.      Process in due form of law in a cause of admiralty and maritime jurisdiction may issue against the Vessel, the Vessel's engines, tackle, apparel, etc., in rem, and that all persons having or claiming any interest in said vessel be cited to appear and answer;

2.      A warrant of arrest of the Vessel, the Vessel's engines, tackles and apparel be issued and served; and

3.      After due proceedings are had, judgment be entered against the Vessel, in rem in favor of Suppleo for the sum of $135,967.70, and in favor of Dan-Bunkering in the sum of $510,300.00 and any additional amounts due, plus interest and costs.  Suppleo and Dan-Bunkering further pray that the Vessel, the Vessel's engines, tackle and apparel, be seized, condemned and sold to pay such sums, and for such other general and equitable relief as this Honorable Court deems proper.

Dated: July 20, 2020

/

/

- 4 -

Respectfully submitted,

*/s/ Paul T Beckmann*
PAUL T. BECKMANN (BECKP0493)
HAND ARENDALL HARRISON SALE
LLC
Post Office Box 123
Mobile, Alabama 36601
Telephone: (251) 432-5511
Facsimile: (251) 694-6375
E-mail: pbeckmann@handarendall.com

*/s/ J. Stephen Simms*
J. Stephen Simms (*pro hac vice* pending)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Telephone: (443) 290-8704
Facsimile: (410) 510-1789
E-mail: jssimms@simmsshowers.com

*Suppleo and Dan-Bunkering Counsel*

Please arrest the M/V GLOBAL ORION on arrival
 at the Port of Mobile, Alabama

## **Verification**

J. Stephen Simms certifies as follows:

1.      I am the age of majority and competent to make this verification;

2.      I am a principal of the law firm of Simms Showers LLP and represent Suppleo and Dan-Bunkering in this action;

3.      Suppleo and Dan-Bunkering do not have a corporate officer in the district to make this Verification;

4.      Suppleo's and Dan-Bunkering's attorney-in-fact, I declare that I have read the foregoing Verified Complaint and know its contents; that the same is true and correct to the best of my knowledge and belief; and that the source of my knowledge and the grounds for my belief are various documents and information furnished to me by Suppleo and Dan-Bunkering; and

5.      I have specific authorization and am duly authorized to make this Verification.

Pursuant to 28 U.S.C. § 1746 I  certify under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2020.

*/s/ J. Stephen Simms*