UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DISTRICT

| | |
|---|---|
| DAN-BUNKERING (AMERICA) INC. * | |
| * | |
| AND * | CASE NO. 1:20-cv-00364-TFM-C |
| * | |
| SUPPLEO BUNKERING * | |
| S. de R.L. de C.V. * | |
| * | |
| VERSUS * | |
| * | |
| M/V GLOBAL ORION, *in rem*, * | |
| * | |
| *   *   *   *   *   *   * | |

## VERIFIED COMPLAINT IN INTERVENTION

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Entier U.S.A., Inc. ("Plaintiff" or "Entier") who files this Verified Complaint in Intervention against defendants, GLOBAL ORION, her engines, freight, tackle, appurtenances, apparel, etc., *in rem*, and Navarro Capital Partners, L.L.C. ("Navarro")*,* seeking a warrant of maritime arrest pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, as well as damages for amounts owed for breach of contract.

Plaintiff respectfully represents upon information and belief as follows:

## JURISDICTION

1. This is an admiralty and maritime claim within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333, Supplemental Rules C for Certain Admiralty and Maritime Claims, Federal Rule of Civil Procedure 9(h), and the supplemental jurisdiction of this Court pursuant to U.S.C. § 1367.

1

## PARTIES

2. Plaintiff, Entier U.S.A., Inc. is a Texas corporation with its principal place of business in Houston, Texas.

3. Defendant GLOBAL ORION is a Mexican flagged vessel, specifically an offshore supply vessel, bearing IMO Number 9249439.  The GLOBAL ORION is now, or will be during the pendency of process hereunder, within this Judicial District and within the jurisdiction of this Honorable Court, and upon information and belief, is or will be moored in Mobile, Alabama.

4. Upon information and belief, defendant Navarro Capital Partners, L.L.C. is the owner and/or beneficial owner and/or owner *pro hac vice* and/or charterer of the GLOBAL ORION.

## FACTS

**(A) The Master Service Agreements**

5. On or about December 11, 2014, Entier entered into a Master Service Agreement (the "Ranger MSA") with Ranger Offshore, Inc. ("Ranger"), pursuant to which Entier would perform work for Ranger. A copy of the Ranger MSA is attached as **Exhibit A**.

6. On or about March 13, 2019, Epic Companies, LLC ("Epic"), having acquired most of the assets of Ranger, adopted the Ranger MSA so that it was now between Epic and Entier (the "Epic MSA"). A copy of the Epic MSA is attached as **Exhibit B**.

7. Pursuant to the Epic MSA, between March and July 2019, Entier provided catering services and food to the GLOBAL ORION, which was under charter to Epic. The food and catering

services constituted necessaries to the vessel and give rise to a maritime lien against the GLOBAL ORION.

**(B) The Invoices**

8. Entier has issued the following invoices (and one credit note) to Epic, which are attached as Exhibits to this Verified Complaint and incorporated by reference:

| Invoice No. | Date | Amount | Exhibit No. |
|---|---|---|---|
| 1436 | March 31, 2019 | $140,745.41 | C |
| 14636CN | April 30, 2019 | ($6,140.17) | D |
| 14860 | April 30, 2019 | $146,918.26 | E |
| 15125 | May 31, 2019 | $145,965.22 | F |
| 15336 | June 30, 2019 | $180,471.93 | G |
| 15569 | July 31, 2019 | $8,686.60 | H |

9. Therefore, Entier invoiced Epic a total of $616,647.25 for the provision of food and catering services to the GLOBAL ORION.

**(C) The Payments**

10. Entier has received the following payments from Navarro to be applied to the outstanding invoices.

| Date of Payment | Amount |
|---|---|
| August 23, 2019 | $101,327.00 |
| September 9, 2019 | $50,000.00 |
| October 21, 2019 | $20,000.00 |
| November 4, 2019 | $17,642.93 |

3

| November 18, 2019 | $20,000.00 |
| --- | --- |
| December 27, 2019 | $25,000.00 |

11. Therefore, the total outstanding and owing to Entier for the provision of necessaries to the GLOBAL ORION is **$382,677.32**.

12. Navarro assumed Epic's contractual obligations to Entier in relation to the provision of catering services to the GLOBAL ORION after Epic filed for bankruptcy in the United States Bankruptcy Court for the Southern District of Texas on August 26, 2019 as evidenced by the payments made by Navarro that are listed in paragraph 10.

## **RULE C ARREST**

13. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 12 and incorporates those allegations herein.

14. Defendants' failure to pay the amounts owed to Dan Bunkering for the necessaries supplied to the GLOBAL ORION on orders of persons authorized to procure necessaries on behalf of the Vessel give rise to maritime liens under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 *et seq.* in favor of Entier in the amount of $382,677.32.

15. It is common in Rule C arrest cases for the security (for the applicable costs, fees, interest, etc.) to be set at one and a half times the fairly stated claim and, therefore, Plaintiffs seek an Order of Arrest in the amount of $574,015.98. *See* Supplemental Rule E (5) (permitting substitute security up to twice the amount of the Plaintiff's fairly stated claim to cover interest, costs, fees, etc.).

16. Pursuant to local rules, Plaintiff agrees to hold harmless and indemnify the U.S. Marshal and all of his deputies from any and all liability as a result of arresting the GLOBAL ORION as well as any other property of the Defendants within the District.

## **BREACH OF CONTRACT**

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 and incorporates those allegations herein.

18. Navarro agreed to meet Epic's contractual obligations to Plaintiff, as evidenced by the payments made by Navarro that are listed in paragraph 10.

19. Navarro has breached its contractual obligation to Plaintiff and failed to pay the outstanding balance of the invoices for catering services and food supplied to the GLOBAL ORION in the amount of $382,677.32.

**WHEREFORE**, Entier prays for the following relief:

A. That this Verified Complaint be deemed good and sufficient;

B. Process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rule C of the Supplemental Rues for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, may issue against the GLOBAL ORION her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances thereto., *in rem*.

C. After due proceedings, there be judgment rendered in favor of Entier U.S.A., Inc. and against the GLOBAL ORION her engines, freight, tackle, appurtenances, apparel, etc. and other property aboard said vessel and appurtenances, *in rem*, and against Navarro Capital Partners, L.L.C. *in personam* and that the GLOBAL ORION be condemned

and sold to satisfy the judgment to be entered in favor of Entier U.S.A, Inc. in the full amount of its claims, together with interest, costs, and attorneys' fees, as set forth above.

>Respectfully Submitted By,
>
>*/s/ Neal C. Townsend*
>NEAL C. TOWNSEND (ASB-8348-E98C)
>GARRETT ZOGHBY (ASB-7748-H20P)
>ADAMS AND REESE LLP
>11 North Water Street, Suite 23200
>Mobile, Alabama 36602
>(251) 433-3234 (phone)
>(251) 438-7733 (facsimile)
>neal.townsend@arlaw.com
>garrett.zoghby@arlaw.com
>*Attorney for Entier U.S.A., Inc.*

## VERIFICATION

I, Matthew C. Guy, am an attorney at the law form of Adams and Reese LLP, counsel to plaintiff Entier U.S.A., Inc.. I am authorized by Entier U.S.A., Inc. to make this Verification. The facts set forth in the Verified Complaint are true and correct based upon information provided to me as attorney for Entier U.S.A., Inc.. The reason this Verification is made by the undersigned is that I am the attorney for Entier U.S.A., Inc., which does not have officers or directors within this District.

Pursuant to 28 U.S.C. § 1746, I solemnly declare under penalty of perjury that the foregoing is true and correct.

_____
Matthew C. Guy


SWORN TO AND SUBSCIBED

BEFORE ME THIS 22 DAY OF JULY 2020

_____

**KYLE L. POTTS, NOTARY #77249**
**NOTARY PUBLIC**
**COMMISSION FOR LIFE**