UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN-BUNKERING (AMERICAN) INC., *et al.*, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACT. NO. 1:20-cv-364-TFM-C |
| M/V GLOBAL ORION, her engines, tackle, apparel, etc., *in rem*, | : : : : | FRCP 9(h) In Admiralty |
| Defendant. | : | |

**ORDER**

Pending before the Court is the *Agreed Motion for Appointment of Alabama Shipyard as Successor Substitute Custodian in Place of Global Maritime and Confirming Global Maritime Charges as Expenses Custodia Legis* ("Agreed Motion") that was filed by Plaintiffs Dan-Bunkering (America) Inc. ("Dan-Bunkering"); Suppleo Bunkering S. de R.L. de C.V.'s ("Suppleo"); and Navarro Capital Partners, LLC's ("Navarro"), claimant to and owner of the M/V GLOBAL ORION, *in rem* ("Vessel"). Doc. 24, filed August 13, 2020. The Agreed Motion is hereby **GRANTED**.

Accordingly, it is **ORDERED** as follows:

(1)   Alabama Shipyard, LLC ("Alabama Shipyard"), is appointed custodian of the Vessel in place of Global Maritime Security ("Global Maritime"). Alabama Shipyard is appointed to retain the Vessel in its custody for possession and safekeeping for the compensation of $400/day until further Order of the Court;

(2)   Global Maritime shall surrender the possession of the Vessel to Alabama Shipyard, and upon such surrender, Global Maritime shall be discharged from its duties and responsibilities for the safekeeping of the Vessel;

(3) Alabama Shipyard, in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the Vessel and her engines, tackle, appurtenances, furnishings, etc. from the date of the transfer of possession of said vessel and her engines, tackle, appurtenances, furnishings, etc.;

(4) Alabama Shipyard, as substitute custodian of the Vessel, shall defend the United States of America; the United States Marshal; and their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America; the United States Marshal; and their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody;

(5) Navarro shall pay Alabama Shipyard directly for all of Alabama Shipyard's charges as substitute custodian, with Alabama Shipyard invoicing Navarro directly for such substitute custodian charges, and that all United States Marshal's costs be paid prior to release of said Vessel;

(6) Alabama Shipyard as substitute custodian must acknowledge receipt of the Vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof;

(7) the charge for service as substitute custodian by Global Maritime as set out in Exhibit B to the Agreed Motion (Doc. 24-1), and further such expenses billed by Global Maritime to and including the succession of Alabama Shipyard as substitute custodian, shall be recognized

as expenses *custodia legis* and reimbursed to Dan-Bunkering and Suppleo from the proceeds of the sale of the Vessel, or otherwise by agreement of Dan-Bunkering, Suppleo and Navarro.

**DONE** and **ORDERED** this 14th day of August 2020.

/s/ Terry F. Moorer  
TERRY F. MOORER  
UNITED STATES DISTRICT JUDGE