UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DAN-BUNKERING (AMERICAN) INC., *et al.*, | : : : | |
| Plaintiffs, | : : | |
| v. | : : | CIVIL ACT. NO. 1:20-cv-364-TFM-C |
| M/V GLOBAL ORION, her engines, tackle, apparel, etc., *in rem*, *et al*. | : : : : | FRCP 9(h) In Admiralty |
| Defendants. | : | |

## ORDER

Pending before the Court is the *Stipulation of Dismissal-With Prejudice-Release of Vessel From Arrest/Attachment* that is brought by Plaintiffs Dan-Bunkering (America) Inc. ("Dan-Bunkering") and Suppleo Bunkering S. de R.L. de C.V. ("Suppleo"), and Defendant Navarro Capital Partners, LLC ("Navarro"), for itself and as owner of and claimant to the M/V GLOBAL ORION ("the Vessel"). Doc. 37, filed October 15, 2020. The stipulation of dismissal is signed by the remaining parties in this matter and is brought pursuant to Fed. R. Civ. P. 41. *Id.* The Court construes the stipulation of dismissal as a motion to dismiss Plaintiffs Dan-Bunkering's and Suppleo's claims against Defendants Navarro and the Vessel, pursuant to Fed. R. Civ. P. 41(a)(2).[1]

---

[1] A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared. This matter involves multiple parties, and the stipulation of dismissal is not signed by all of the parties who have appeared. Thus, the Court finds it proper to construe the moving parties' stipulation of dismissal as a motion to dismiss Plaintiffs Dan-Bunkering's and Suppleo's claims against Defendants Navarro and the Vessel, pursuant to Fed. R. Civ. P. 41(a)(2). *See Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that

Upon consideration of the motion to dismiss (Doc. 37), it is **ORDERED** it is **GRANTED**, and all of Plaintiffs Dan-Bunkering's and Suppleo's claims against Defendants Navarro and the Vessel are **DISMISSED with prejudice**, with each party to bear their own costs. The previously issued arrest warrants are hereby **CANCELLED**, and the Clerk of the Court is **DIRECTED** to close this case.

**DONE** and **ORDERED** this 16th day of October 2020.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE

---

the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).